UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MILTON AL STEWART,** Acting Secretary of Labor, United States Department of Labor, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil action no.:  21-10493<br>) |
| **TIME OF REFRESHING LLC**, a Michigan limited liability company, and **DORNITA ELDER,** an individual, | )<br>)<br>)<br>)<br>) Equitable and legal relief sought<br>) |
| Defendants. | ) |

# COMPLAINT

Plaintiff, **MILTON AL STEWART**, Acting Secretary of Labor, United States Department of Labor, brings this action to enjoin **TIME OF REFRESHING LLC**; and **DORNITA ELDER**, an individual, (hereinafter collectively, "Defendants"), from violating the provisions of sections 6, 7, 11, and 15 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201, et seq.), (hereinafter "the Act"), pursuant to section 17 of the Act; and to recover unpaid minimum wage and overtime compensation owing to Defendants' employees, together with an equal amount as liquidated damages, pursuant to sections 16(c) and 17 of the Act. 29 U.S.C. §§ 216(c), 217.

**I**

Jurisdiction of this action is conferred upon the court by sections 16(c) and 17 of the Act, 29 U.S.C. §§ 216(c), 217, and 28 U.S.C. § 1345.

II

(A)     Defendant **TIME OF REFRESHING LLC** is and, at all times hereinafter mentioned, was a Michigan limited liability company with a business office at 27660 Vermont Street, Southfield, Michigan, 48076, in Oakland County, Michigan within the jurisdiction of this Court, and is and, at all times hereinafter mentioned, was engaged in the operation of at least two adult foster care (AFC) residential facilities in Southfield, Michigan, also within the jurisdiction of this Court.

(B)     Defendant **DORNITA ELDER**, an individual, is an owner of company defendant **TIME OF REFRESHING LLC**.  At all times hereinafter mentioned, **DORNITA ELDER** has and had an a business office at 27660 Vermont Street, Southfield, Michigan, 48076, in Oakland County, Michigan within the jurisdiction of this Court.  Defendant **DORNITA ELDER** acted directly or indirectly in the interest of the aforesaid defendant company in relation to its employees within the meaning of section 3(d) of the Act.  29 U.S.C. § 203(d).  Specifically, **DORNITA ELDER** manages the day-to-day operations of the AFCs, sets and enforces operating procedures, employment procedures, and pay practices, among other things.

III

Defendant **TIME OF REFRESHING LLC** is, and at all times hereinafter mentioned, was engaged in the operation of institutions primarily engaged in the care of the sick, the aged, or the mentally ill who reside on the premises of such institutions. As such, **TIME OF REFRESHING LLC** is and, at all times hereinafter mentioned, was an enterprise within the meaning of section 3(s)(1)(B) of the Act. 29 U.S.C. § 203(s)(1)(B).

IV

Defendants repeatedly violated the provisions of sections 6 and 15(a)(2) of the Act by paying at least one direct care workers at a rate less than $7.25 per hour in workweeks when said

employees were engaged in the care of the sick, the aged, or the mentally ill or defective, or who were employed in an enterprise engaged in the care of the sick, the aged, or the mentally ill or defective, within the meaning of the Act, as aforesaid. Specifically, Defendants paid some direct care workers a shift rate or day rate that, when divided by the number of hours worked, resulted in an hourly wage below $7.25 per hour. When the number of hours actually worked by these employees was divided by their total pay in a pay period, some employees made less than the required rate of $7.25 per hour, in violation of section 6 and 15(a)(2) of the Act. 29 U.S.C. § 206, 215(a)(2).

V

Defendants repeatedly violated the provisions of sections 7 and 15(a)(2) of the Act, by employing employees who were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid, for workweeks longer than forty hours without compensating said employees for their employment in excess of forty hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed. Specifically, Defendants paid employees engaged primarily as direct care workers a flat shift or day rate for all hours worked in a workday or workweek, even when employees worked in excess of forty hours in a workweek, and thereby failed to pay rates not less than one and one-half times the regular rate at which they were employed for hours worked in excess of forty hours per week, in violation of section 7 of the Act. 29 U.S.C. § 207, 215(a)(2).

VI

Defendants repeatedly violated the provisions of sections 11(c) and 15(a)(5) of the FLSA in that they failed to make, keep, and preserve adequate and accurate records as prescribed by

regulations duly issued pursuant to authority granted in the FLSA and found in 29 C.F.R. § 516. Specifically, Defendants failed to maintain accurate time records for employees that accurately reflected the hours worked in a workday or a workweek and failed to accurately track overtime paid. 29 U.S.C. § 211(c), 215(a)(5).

## VII

During the period since March 3, 2019, Defendants have repeatedly violated the minimum wage, overtime and recordkeeping provisions of the Act. A judgment which enjoins and restrains these violations and includes the restraint of any withholding of payment of unpaid minimum wages and overtime compensation found by the court to be due to present and former employees under the Act is expressly authorized by section 17 of the Act. 29 U.S.C. § 217.

**WHEREFORE**, cause having been shown, Plaintiff prays for a judgment against Defendants as follows:

(a) For an Order pursuant to section 17 of the Act, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the provisions of section 15 of the Act; and

(b) For an Order

(1) pursuant to section 16(c) of the Act finding Defendants liable for unpaid minimum wages and overtime compensation due Defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due Defendants' employees listed in the attached Exhibit A (additional back wages and liquidated damages may be owed to certain employees presently unknown to Plaintiff for the period covered by this complaint); or in the event liquidated damages are not awarded,

      (2)    pursuant to section 17 enjoining and restraining Defendants, their officers, agents, servants, employees and those persons in active concert or participation with Defendants, from withholding payment of unpaid minimum wages and overtime compensation found to be due Defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621; and

      (c)    For an Order awarding Plaintiff the costs of this action; and

      (d)    For an Order granting such other and further relief as may be necessary or appropriate.

Dated: March 3, 2021

Respectfully submitted,

**ELENA GOLDSTEIN**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

*/s/ David Tanury*
**DAVID TANURY**
Senior Trial Attorney

U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street,
Room 844
Chicago, Illinois 60604
Telephone: 312-353-4454
Facsimile: 312-353-5698
Email: tanury.david.j@dol.gov

**Local Counsel:**

SAIMA S. MOHSIN
Acting United States Attorney

PETER A. CAPLAN
Assistant U.S. Attorney
211 W. Fort Street, Ste. 2001
Peter.Caplan@usdoj.gov

**Exhibit A**

1. Stephanie Brock
2. Jacquelynn Cockerham
3. Edwina Harris
4. Yolanda Hudson
5. Sandra Leonard
6. Valand Nolan