UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MARTIN J. WALSH**, Secretary of
Labor, United States Department of Labor,

        Plaintiff,

v.

**TIME OF REFRESHING LLC**, et al.,

        Defendants.
_____/

Case No. 21-cv-10493
Hon. Matthew F. Leitman

## CONSENT JUDGMENT

Plaintiff, **MARTIN J. WALSH**, Secretary of Labor, United States Department of Labor ("Secretary"), having filed his Complaint and Defendants **TIME OF REFRESHING LLC** and **DORNITA ELDER,** an individual (collectively, "Defendants"), having appeared by counsel, having answered, and having been duly advised in the premises, agree to the entry of this Consent Judgment without contest. Now, therefore, upon motion for the attorneys for the Secretary and Defendants, and for cause shown:

**JUDGMENT IS HEREBY ENTERED** against Defendants pursuant to section 17 of the Fair Labor Standards Act of 1938, as Amended, 29 U.S.C. § 201 *et seq*. (the "Act") as follows:

**IT IS HEREBY ORDERED AND ADJUDGED,** pursuant to section 17 of the Act, that the Defendants, their officers, agents, servants, successors, employees, and all persons in active concert or participation with them be and hereby are, permanently enjoined and restrained from violating the provisions of the Act, in any of the following manners.

## I

A. Defendants shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any nonexempt employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than 40 hours, unless such employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rates at which he is employed.

B. Defendants shall not, contrary to sections 6 and 15(a)(2) of the Act, pay any of their nonexempt employees who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at a rate less than $7.25 per hour (or at a rate less than such other applicable minimum rate as may hereinafter be established by amendment to the Act).

C. Defendants shall not fail to make, keep and preserve records of their nonexempt employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to section 11(c) of the Act and found in 29 CFR Part 516. This includes, but is not limited to, maintaining records of all hours worked by each nonexempt employee in each workday and each workweek, and records of compensation paid to each such employee in each workweek, whether payment is made by a payroll check, personal check, cash or a combination thereof. The records maintained by Defendants shall also include, but not be limited to, the full name and last-known mailing address of all employees, the daily work start and stop times of each employee, and the specific method of payment made to each employee.

D. Defendants, their agents, officers or employees shall not, contrary to section 15(a)(3) of the Act, threaten, retaliate, or discriminate in any way against any current or former employee of Defendants for exercising any rights under the FLSA, including, but not limited to, employee complaints regarding FLSA compliance made to Defendants or to the Wage and Hour Division of the United States Department of Labor, or cooperation with an investigation conducted by the Wage and Hour Division.

II

**FURTHER, JUDGMENT IS HEREBY ENTERED**, pursuant to section 16(c) of the Act, in favor of the Plaintiff and against the Defendants in the total amount of $16,974.84.

A. Defendants shall pay to Plaintiff the sum of $8,487.42, which represents the overtime compensation hereby found to be due to the current or former employees named in **EXHIBIT A**, attached hereto and made a part hereof.

B. Defendants shall further pay to Plaintiff as liquidated damages the additional sum of $8,487.42 hereby found to be due the present and former employees named in **EXHIBIT A.**

C. The unpaid compensation and liquidated damages referred to hereinabove cover the present and former employees identified in **EXHIBIT A**, respectively, for the following time period: March 3, 2019 to June 30, 2019.

## III

The monetary provisions of Paragraph II of this Consent Judgment shall be deemed satisfied, upon Defendants' delivery to the Plaintiff's representative of the following:

A. Within five days of the entry of this Consent Judgment, an electronic schedule listing the name, last-known address, and social security number of each employee listed on **Exhibit A**. Defendants remain responsible for their employer share of applicable taxes on any back

4

wages due and owing. Nothing in this Consent Judgment precludes Defendants from complying with court-issued wage deduction, child support orders, or other garnishments required by law from the payments being made pursuant to this Consent Judgment.

B. Full payment of $16,974.84 shall be made by Defendants at signing of this Consent Judgment. Payment of the back wages and liquidated damages may be paid online by ACH transfer, credit card, debit card, or digital wallet by going to https://www.pay.gov/public/form/start/77692637 or by going to https://www.pay.gov and searching "WHD Back Wage Payment – Midwest Region" on or before the date the payment is due. Defendants remain responsible for paying their share of any applicable taxes to the appropriate State and Federal revenue authorities.

C. In the event the Pay.gov system is unavailable, Defendants may also pay the total amounts due by submitting one certified or cashier's check for the back wages and liquidated damages with notations as such, payable to "Wage and Hour Div. – Labor" to the U.S. Department of Labor, Wage and Hour Div., P.O. Box 2638, Chicago, IL 60690-2638 to be received prior to entry of this Consent Judgment.

(2) The Plaintiff shall distribute the proceeds of the payment (less legal deductions for each employee's share of social security and Federal withholding taxes for back wages) to the persons identified in **Exhibit A**, or to their estates, if that be necessary; and any amounts referenced above of unpaid compensation and liquidated damages not so paid within a period of three (3) years from the date of receipt thereof shall, pursuant to section 16(c) of the Act, be covered into the Treasury of the United States as miscellaneous receipts.

## IV

Defendants shall not request, solicit, suggest, or coerce, directly, or indirectly, any current or former employee to return or to offer to return to the Defendants or to someone else for the Defendants, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this Consent Judgment or the Act; nor shall Defendants accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this Consent Judgment or the Act; nor shall Defendants discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to him from the Defendants under the provisions of this Consent Judgment or the Act.

V

**FURTHER**, it is agreed by the parties herein and hereby **ORDERED** that each party bears their own fees and other expenses incurred by such party in connection with any stage of this proceeding to date with no costs, including, but not limited to, any and all costs referenced under the Equal Access to Justice Act, as Amended.

VI

**FURTHER**, this Court shall retain jurisdiction of this matter to enforce the terms of this judgment pursuant to Federal Rule of Civil Procedure 54.

**IT IS SO ORDERED.**

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: July 22, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 22, 2021, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764

The parties hereby consent to the entry of this Consent Judgment:

| FOR DEFENDANTS: | FOR PLAINTIFF: |
|---|---|
| /s/ Dornita Elder | **SEEMA NANDA** |
| **DORNITA ELDER** | Solicitor of Labor |
| Dated: 7/16/21 | |
| | **CHRISTINE Z. HERI** |
| /s/ Dornita Elder | Regional Solicitor |
| **TIME OF REFRESHING LLC** | |
| By: Dornita Elder | /s/ David Tanury |
| Its: Owner | **DAVID J. TANURY** |
| Dated: 7/16/21 | Senior Trial Attorney |
| | Dated: 7/21/21 |
| /s/ Felicia Duncan Brock | |
| **FELICIA DUNCAN BROCK. ESQ.** | Attorneys for **MARTIN J. WALSH** |
| Dated: 7/16/21 | Secretary of Labor |
| | U.S. Department of Labor |
| Attorney for **TIME OF REFRESHING LLC.** and **DORNITA ELDER**, an individual. | Plaintiff |
| | Office of the Solicitor |
| | U.S. Department of Labor |
| I.A.B. Attorneys At Law, PLLC | 230 S. Dearborn St., Room 844 |
| 8829 Ashbury Park | Chicago, IL 60604 |
| Detroit, Michigan 48228 | Telephone No.: 312/353-4454 |
| Telephone: 313-3180 | Fax No.: 312/353-5698 |
| | E-mail: Tanury.david.j@dol.gov |
| | **Local Counsel:** |
| | PETER A. CAPLAN |
| | Assistant U.S. Attorney |
| | 211 W. Fort Street, Ste. 2001 |
| | Detroit, MI 48226 |
| | Peter.Caplan@usdoj.gov |

## **EXHIBIT A**

| Employee | Back Wages | Liquidated Damages | Total |
|---|---:|---:|---:|
| Stephanie Brock | $15.16 | $15.17 | $30.33 |
| Jacquelynn Cockerham | $1,423.35 | $1,423.35 | $2,846.70 |
| Edwina Harris | $1,982.92 | $1,982.93 | $3,965.85 |
| Yolanda Hudson | $4,468.98 | $4,468.98 | $8,937.96 |
| Sandra Leonard | $166.50 | $166.50 | $333.00 |
| Valand Nolan | $430.50 | $430.50 | $861.00 |
|  |  |  |  |
|  |  |  | $16,974.84 |